## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

DEMARCUS KEYON COLE,          )
                                             )
        Plaintiff,            )
                                             )
v.                               )    No.:    3:26-CV-248-DCLC-DCP
                                             )
SHAWN PHILLIPS,            )
                                             )
        Defendant.        )

## MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") currently incarcerated in the Morgan County Correctional Complex ("MCCX"), filed (1) a pro se civil rights action under 42 U.S.C. § 1983 alleging the denial of constitutionally adequate medical treatment [Doc. 1]; (2) an emergency motion for release and the appointment of counsel [Doc. 2]; and (3) a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper, **DENY** his motion for release and to appoint counsel; **DISMISS** Plaintiff's request for monetary damages; and permit Plaintiff's claim for prospective injunctive relief to **PROCEED** against Defendant Shawn Phillips.

## I.    PLAINTIFF'S MOTIONS

### A.    To Proceed *In Forma Pauperis*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 5] that he lacks the financial resources to pay the filing fee in advance. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. §1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is

the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

B.     For Release and the Appointment of Counsel

Plaintiff has filed a motion titled "Emergency Motion to be Released and App[oi]nt [] Counsel" [Doc. 2]. Plaintiff maintains that he "is dying of bladder cancer" and asks to be released "or shipped back to [T]urney [C]enter where [his] doctor is" [*Id.*].

However, release from custody is not a remedy available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). And placement of prisoners is a matter typically left to the discretion of state officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (1990) (holding prisoner housing is a matter squarely within the

2

"broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances). At this time, there is not sufficient information before the Court to find that Plaintiff's is the extreme case warranting judicial intervention.

Plaintiff also seeks the appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1) "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added). However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993) (internal citations omitted). In determining whether "exceptional circumstances" exists, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601).

Plaintiff has not identified any basis for his request for counsel, and the Court finds that it appears Plaintiff is capable of adequately representing himself. Further, the body of law surrounding prisoner medical-care claims is well developed. Therefore, the Court does not find that there are any exceptional circumstances warranting the appointment of counsel at taxpayer expense.

Thus, Plaintiff has not demonstrated an entitlement to the sought relief, and his emergency motion [Doc. 2] will be **DENIED**.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and

3

1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Plaintiff's Allegations

Plaintiff has bladder cancer [Doc. 1, p. 4]. At MCCX, he is not receiving the six-daily meals ordered by his doctors, and MCCX "refuse[s] to send [him] to [a] local oncologist" despite their inability to stabilize his condition [*Id.*]. Plaintiff's health is rapidly declining as a result [*Id.* at 4, 5]. Plaintiff has sustained weight loss and has experienced internal bleeding, rectal bleeding, and vomiting blood [*Id.* at 5].

Aggrieved, Plaintiff filed suit against MCCX Warden Shawn Phillips in his official capacity, asking the Court to order Plaintiff's return to the Turner Center Industrial Complex "where [his] doctor is" and award him $100,000 in damages [*Id.* at 2, 5].

4

## C.    Analysis

To state a claim against a defendant for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.

MCCX is a state prison under the control of TDOC.  *See* Tennessee Dep't of Corr., *State Prison List*, https://www.tn.gov/correction/state-prisons/state-prison-list.html (last visited May 26, 2026).  By suing MCCX Warden Phillips in his official capacity, Plaintiff is suing TDOC.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Because the TDOC is an arm of the State of Tennessee, suit against a TDOC employee in his official capacity is suit against the state itself.  *See Hix*, 196 F. App'x at 355 (holding TDOC is equivalent of the "State").  And "a state is not a person within the meaning of §1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Additionally, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments."  *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)).  Because there has not been congressional abrogation or waiver of immunity, Plaintiff's claim for damages against Defendant Phillips in his official capacity is barred by the Eleventh Amendment.  *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (holding Tennessee has not waived immunity to suit under § 1983).

However, Plaintiff also requests prospective injunctive relief [Doc. 1 p. 5].  And in *Ex Parte Young*, the Supreme Court recognized the following exception to Eleventh Amendment

5

immunity:

> [I]ndividuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties . . . an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

*Ex Parte Young*, 209 U.S. 123, 155–56 (1908). This exception permits "actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Thiokol*, 987 F.2d at 381 (6th Cir. 1993). To determine if the *Young* exception is applicable, courts "need only conduct 'a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (quoting *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003)).

It is well settled that the Eighth Amendment prohibits deliberate indifference to a prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, Plaintiff alleges that he is not being provided adequate medical treatment for bladder cancer at MCCX and asks the Court to order Defendant to transfer him to a facility where adequate treatment is available. Therefore, the Court finds that Plaintiff seeks prospective relief for alleged ongoing violations of federal law, and his medical-care claim for prospective injunctive relief will be permitted to proceed against Defendant.

## III.     CONCLUSION

For the reasons set forth above:

1.     Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2.     Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.     The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

6

4.      The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.      Plaintiff's medical-care claim will **PROCEED** against Defendant Shawn Phillips for prospective injunctive relief;

6.      The Clerk is **DIRECTED** to send a Plaintiff service packet (a blank summons and USM 285 form) for Defendant Phillips;

7.      Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

8.      At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9.      Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

10.      Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him;

11.      Plaintiff's claim for monetary damages is **DISMISSED**;

12.      Plaintiff's emergency motion [Doc. 2] is **DENIED**; and

13.      Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

     **SO ORDERED.**

     **ENTER:**

                                 s/Clifton L. Corker
                                 United States District Judge